<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID HENRY PINCKNEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SOMERSET PROBATION,<br><br>　　　　　　Defendant. | Civil Action No. 24-06686 (GC) (JBD)<br><br>**<u>MEMORANDUM ORDER</u>** |

**<u>CASTNER, United States District Judge</u>**

　　This matter comes before the Court on the Complaint and Application to Proceed *In Forma Pauperis* (IFP) filed by Plaintiff David Henry Pinckney against Defendant Somerset Probation.  (ECF No. 1.)  For the reasons set forth below, and other good cause shown, Pinckney's Complaint is **DISMISSED** for lack of subject-matter jurisdiction.

**I.　BACKGROUND**

　　The following allegations are accepted as true solely for the purpose of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

　　Pinckney sues Defendant Somerset Probation, alleging that his duty to pay child support has been nullified by an accord and satisfaction agreement under Uniform Commercial Code (UCC) § 3-311.  (ECF No. 1 at 2-6.)  Pinckney says the parties formed such agreement when Somerset Probation accepted his $100 check.  (*Id.*)  According to Pinckney, his "debt [is] paid in full, but Defendant will not acknowledge it," which Pinckney claims violates UCC § 3-311 and Federal Rule of Civil Procedure 26(b)(1).  (ECF No. 1-1.)

## II.  LEGAL STANDARD

### A.  IFP Applications

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### B.  Review Pursuant to 28 U.S.C. § 1915(e)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Subject-Matter Jurisdiction

Federal courts, unlike state courts, are courts of "limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 142 (3d Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A district court must dismiss an action "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3) (emphasis added). Indeed, "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

## III.    DISCUSSION

The Court lacks subject-matter jurisdiction over Pinckney's action. The Complaint must therefore be dismissed without consideration of its merits or Pinckney's IFP application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023

WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (concluding that "it would be more efficient to screen [the] Complaint" before "addressing [the] Motion to Proceed *In Forma Pauperis*").

Pinckney invokes federal question as his basis for subject-matter jurisdiction, citing the UCC and Federal Rules of Civil Procedure. (ECF No. 1 at 3.) But "the UCC is not a federal statute from which federal question jurisdiction is derived." *Birch-Min v. Birch*, Civ. No. 21-1, 2022 WL 2180102, at *3 (V.I. June 15, 2022); *see Alvarez v. Phoenix Mun. Ct.,* Civ. No. 22-01249, 2022 WL 4134583, at *3 (D. Ariz. Aug. 23, 2022) ("[C]laims of a violation of the UCC, standing alone, fail to provide the Court with subject matter jurisdiction because the UCC is not a federal statute."); *Johnson v. Fedex/Kinko's Store No. 1726,* Civ. No. 11-563, 2012 WL 997006, at *2 (S.D. Ohio Mar. 23, 2012), *report and recommendation adopted*, 2012 WL 1987159 (S.D. Ohio June 4, 2012) ("The U.C.C. does not grant federal subject matter jurisdiction."); *Kemezis v. Matthew*, Civ. No. 07-5086, 2008 WL 2468377, at *7 (E.D. Pa. June 16, 2008) ("[T]he Uniform Commercial Code is not a federal statute, and in order for Plaintiffs to make any claim under the UCC, they would have to show diversity jurisdiction."), *aff'd sub nom*. *Kemezis v. Matthews*, 394 F. App'x 956 (3d. Cir. 2010).

Nor can the Federal Rules of Civil Procedure be used to establish federal question jurisdiction. *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."); *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 886 (3d. Cir. 1977) ("It seems almost unnecessary to state that the Federal Rules of Civil Procedure cannot be used to expand the subject matter jurisdiction of the district courts.").

4

Diversity-based jurisdiction also appears not to exist. Pinckney is a citizen of New Jersey, and Somerset Probation is a New Jersey-based government entity. (ECF No. 1 at 2-3.) Thus, complete diversity between the parties is lacking. *See New Heights Logistics, LLC v. Penske Leasing & Rental Co.*, Civ. No. 22-738, 2023 WL 3043864, at *3 (D.N.J. Apr. 21, 2023) ("[W]here subject matter jurisdiction is founded on diversity pursuant to 28 U.S.C. § 1332, it has long been the rule that there must be 'complete diversity amongst the parties. Complete diversity means that no plaintiff can be a citizen of the same state as any of the defendants." (citations and quotation marks omitted)); *see also Auto-Owners Inc. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (finding that "the party invoking diversity jurisdiction . . . bears the burden to prove [it] by a preponderance of the evidence").

Because the Court lacks subject-matter jurisdiction over this action, Pinckney's Complaint is dismissed without prejudice.

## IV.  <u>CONCLUSION & ORDER</u>

For the foregoing reasons, and other good cause shown,

**IT IS** on this 30th day of June 2024 **ORDERED** as follows:

1. The Complaint (ECF No. 1) is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.
2. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order and **CLOSE** this case.

*s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**
